**Gurdev SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76379.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo, a Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM **

Gurdev Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *see de Martinez v. Ashcroft,* 374 F.3d 759, 761 (9th Cir.2004), and

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

review de novo claims of constitutional violations in immigration proceedings, *see Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We dismiss in part and deny in part the petition for review.

Singh concedes his motion to reopen was untimely pursuant to 8 C.F.R. § 1003.2(c)(2). We lack jurisdiction to review the BIA's decision not to invoke its *sua sponte* authority to reopen proceedings, and therefore do not consider Singh's contention that the motion should have been granted despite its untimeliness. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

To the extent Singh contends the BIA violated his constitutional rights by denying his motion to reopen, the contention is unavailing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (explaining that the petitioner must show error to prevail on a due process claim).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**